IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WALTER LEON THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-0624-CG-B |
| | ) |
| **BAYOU CONCRETE, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the court on defendants' motion to dismiss, or in the alternative for summary judgment. (Doc. 27). Plaintiff was ordered to respond to defendants' motion on or before July 26, 2006. (Doc. 31). To date, no response has been filed. The court finds that plaintiff lacks standing to bring this action and has failed to prosecute or to comply with orders of the court. Therefore, defendants' motion is due to be granted.

## BACKGROUND

Plaintiff's complaint alleges that defendants discriminated against plaintiff on the basis of his race, harassed plaintiff, retaliated against plaintiff and violated the American with Disabilities Act. (Complaint ¶¶ 8, 11). Plaintiff filed charges with the Equal Employment Opportunity Commission regarding the alleged discriminatory conduct on June 6, 2005. (Complaint, ¶ 13). On October 14, 2005, plaintiff filed for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Alabama, Case No. 05-16816-MAM-7. Plaintiff failed to disclose

1

the claims asserted in the instant case in his bankruptcy schedules and/or financial disclosures. Plaintiff received a discharge of all dischargeable debts by order of the bankruptcy court dated July 18, 2006. (Bankr. Case No. 05-16816-MAM-7, Doc. 36).

## DISCUSSION

Defendants assert that plaintiff's claims are due to be dismissed because plaintiff failed to list the lawsuit as a potential asset in his bankruptcy case. "Regardless of whether a bankruptcy debtor discloses its existence, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate." Jones v. Clayton County, 2006 WL 1627117, *1 (11th Cir. June 7, 2006) (citing Parker v. Wendy's International, Inc., 365 F.3d 1268, 1272 (11th Cir.2004)). In a Chapter 7 case, "the Trustee is the real party in interest and it has exclusive standing to assert any discrimination claims." See Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1292 (11th Cir. 2003) (citing Wieburg v. GTE Southwest, Incorporated, 272 F.3d 302, 306 (5th Cir.2001)). "Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code." Parker, 365 F.3d at 1272 (citing 11 U.S.C. § 554). Even after the bankruptcy case has been closed and the debtor has received a discharge, "property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate." Parker, 365 F.3d at 1272 (citing 11 U.S.C. § 554(d)). "Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." Id. (citations omitted).

The claims asserted in this case arose prior to plaintiff's bankruptcy petition and became the property of his bankruptcy estate upon the filing of his petition. Plaintiff's petition did not inform the

trustee or plaintiff's creditors of the existence of this lawsuit and, thus, the trustee had no opportunity to consider the potential asset.  Because this lawsuit constitutes property of plaintiff's Chapter 7 bankruptcy estate that was not abandoned or administered, plaintiff lacks standing to bring this lawsuit.

Even if plaintiff had standing to pursue this action, he appears to have abandoned prosecution. Plaintiff failed to respond to the current motion to dismiss and has failed to comply with other orders of the court.  Plaintiff was ordered to file a narrative statement on or before July 7, 2006. (Doc. 26). When plaintiff failed to comply, plaintiff was again ordered to file, by July 21, 2006, a narrative statement and to show cause why he failed to comply with the orders of this court. (Doc. 30).   To date, plaintiff has failed to comply or otherwise respond to this court's show cause order.   Rule 41(b) of the Federal Rules of Civil Procedure provides for involuntary dismissal with prejudice for "failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Therefore, this case is also due to be dismissed pursuant to FED. R. CIV. P. 41(b).

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss or in the alternative for summary judgment (Doc. 27) is **GRANTED,** and this case is hereby **DISMISSED**.

**DONE and ORDERED** this 22nd day of August, 2006.

　　　　　　　　　　　　　/s/   Callie V. S. Granade
　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE